**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Samuel Cortez, | ) | Case #: 12-32195 |
| | ) | Chapter 7 |
| Debtor, | ) | |

_____

MOTION TO REOPEN CHAPTER 7 CASE
AND MOTION TO SET ASIDE DISMISSAL
ON SHORTENED NOTICE

NOW COMES DEBTOR, Samuel Cortez, ("Debtor"), by and through undersigned counsel, and moves the Court to reopen his case and set aside the dismissal so that Debtor can proceed with his Chapter 7 case.  In support of said motions, the debtor shows the Court as follows:

1.      That debtor has filed 2 cases with this Court in 2012, a Chapter 13 case filed on April 24, 2012, and the Chapter 7 case captioned herein (12-32195) filed on September 11, 2012.  That both cases were subsequently dismissed due to debtor's failure to timely file schedules and statements.

2.      That debtor filed both cases *pro se* as debtor simply did not have any money with which to hire an attorney to assist him as he did not have full time employment.

3.      That debtor filed the Chapter 13 case with the intention of using said case to catch up a mortgage arrears owed to GMAC on his residence at 9815 Adagio Street, Matthews, North Carolina.  That debtor's intention was to save his primary residence.

4.      That debtor was unaware of how to fill out the schedules, statements and plan needed to proceed with the 13 case, and said case was dismissed on June 25, 2012. *Although unknown to debtor at the time of filing, debtor would not have had the disposable income necessary with which to fund a 13 plan in any event.*

5.      That debtor continued to explore loan modification alternatives and at one point he was advised by a representative of GMAC that he would qualify for a loan modification if he didn't have unsecured debt.  So, debtor filed the subsequent Chapter 7 case herein in an attempt to discharge his unsecured debt so that he could qualify for the loan modification program offered to him by a representative at GMAC.

6.      That debtor intended to retain counsel to assist him with a Chapter 7 filing, but GMAC was proceeding with a foreclosure sale on debtor's residence before debtor could

come up with money with which to retain counsel, so debtor was forced to file the subsequent emergency Chapter 7 *pro se* prior to the foreclosure sale date.

7.    That again being without the benefit of counsel, and still being without funds to retain counsel, debtor was also unable to complete the schedules and statements needed to proceed with his Chapter 7 case.  That said case was dismissed on September 28, 2012, and said case was closed on October 18, 2012.

8.    That debtor has now obtained full time employment and has obtained enough money to hire counsel to assist him with these important matters, having just retained undersigned counsel today.

9.    That accordingly, through undersigned counsel, debtor seeks herein to re-open the Chapter 7 case and seeks to set aside the dismissal so that he can proceed with obtaining Chapter 7 relief on his unsecured debts.

10.    That although no schedules and statements have yet been filed in this case and said schedules are being prepared, counsel has verified that debtor does in fact qualify for Chapter 7 relief, and that he would benefit from Chapter 7 relief as he does have substantial unsecured debts which appear to be dischargeable.

11.    And again, debtor was advised by a GMAC representative that by discharging his unsecured debt, he would then qualify for a loan modification.  That saving his home is and always has been debtor's primary goal in appearing before this court.

12.    That despite debtor's belief that he is/was still in the loan modification process, GMAC has again set a sale of debtor's primary residence, said sale date being currently scheduled for December 12, 2012, at 12:00 o'clock am.

13.    That accordingly, debtor has also filed a motion to shorten the notice period for the hearing of these motions so that if the case is reinstated, it can be reinstated within the 10 day upset bid period and in time to stay the sale of debtor's residence.

14.    That upon information and belief, GMAC would be the only creditor even potentially prejudiced by this motion and by the hearing of this motion on shortened notice.

15.    That GMAC did in fact file a motion for relief from stay in this cause thereby designating their attorney of record, so undersigned counsel will be able to immediately notice counsel for GMAC of the filing of this motion as has been fully set forth in the certificate of service attached hereto.

16.    Counsel expects to be able to file a list of creditors not later than 12/13/2012. Counsel will also serve each creditor on said list with notice of these motions on 12/13/2012. Counsel will file a separate certificate of service regarding the other creditors.  Counsel will also file the Notice of Hearing on this motion as soon as the Motion to Shorten Notice is heard.

Respectfully submitted, this 11th day of December, 2012.

_____
Jeffrey G. Dalrymple; 17053
Attorney for Debtor
Jeffrey G. Dalrymple, PA
2435 Plantation Center Drive, Ste 205
Matthews, NC 28105
(704) 847-7151
jdalrymple@matthewsattorneys.com

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION


IN RE:                                          )
                                                )
Samuel Cortez,                                  )          Case #: 12-32195
                                                )          Chapter 7
                                                )
           Debtor,                              )          CERTIFICATE OF SERVICE
                                                )
_____

         I hereby certify that on the 11th day of December, 2012, I served a copy of Debtors'
Motion to Re-open case, Motion to Set Aside Dismissal and Motion for a Shortened Notice
Period on the parties hereinafter named as indicated:

Kimberly A. Sheek                    - via fax, email and Regular Mail
Attorney for GMAC
10130 Perimeter Parkway, Ste 400
Charlotte, NC 28216
Fax: 704-333-8156
ewilliams@logs.com

All other creditors will be served by regular mail on December 13, 2012, and a supplemental
certificate of service will be filed.


                                    _____
                                    Jeffrey G. Dalrymple
                                    NC Bar#: 17053
                                    Attorney for Debtor

                                    Jeffrey G. Dalrymple, PA
                                    2435 Plantation Center Dr., Ste 205
                                    Matthews, NC 28105
                                    (704) 847-7151